Page 1 of 11

# IN THE UNITED STATES DISTRICT COURT FOR THE
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

RACHEL SIMS,
    Plaintiff,

v.                                                    Case No. 3:16cv653/MCR/EMT

PAMPERED PETS, LLC and
KACEY PARKER,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff Rachel Sims's Motion for Entry of Default Final Judgment on Count IV (Breach of Contract) of her First Amended Complaint against Defendants Pampered Pets, LLC ("Pampered Pets") and Kacey Parker (ECF No. 29), and Plaintiff's Motion for Entitlement to an Award of Attorneys' Fees and Costs (ECF No. 30).

The case was referred to the undersigned to enter any recommendations to the district court regarding dispositive and other matters, such as the instant motions. *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of all issues presented, it is the opinion of the undersigned that Plaintiff is entitled to the relief she seeks in each motion.

On December 8, 2016, Plaintiff Rachel Sims filed a three-count Complaint against her employers, Pampered Pets and Kacey Parker, who is alleged to be the owner and/or manager and who controlled the daily operations of Pampered Pets. In Count I, Plaintiff stated claims for unpaid federal minimum wages and/or overtime compensation and liquidated damages under the Fair Labor Standards Act ("FLSA"), *see* 29 U.S.C. §§ 201–219 (ECF No. 1 at 7–9). In Count II, Plaintiff alleged that Defendants violated the Florida Deceptive and Unfair Trade Practice Act ("FDUTPA"), *see* Fla. Stat. §§ 501.201–213, claiming that Defendants engaged in unfair, unconscionable, or deceptive practices in violation of the FDUTPA (ECF No. 1 at 9–13). In Count III, Plaintiff alleged that Defendants violated 26 U.S.C. § 7434 by knowingly filing false annual tax returns and Form 941 quarterly tax returns with the Internal Revenue Service for the years 2011 through 2016 in which they misclassified Plaintiff as an independent contractor and not an employee (ECF No. 1 at 13–15).

The record reflects that Defendants answered the Complaint through counsel on February 27, 2017, and raised affirmative defenses (ECF No. 7). As required by an Initial Scheduling Order, the parties held a conference and submitted a joint report pursuant to Fed. R. Civ. P. 26(f) (ECF Nos. 8 & 10). On April 17, 2017, the court

issued a Final Scheduling Order and Mediation Referral, setting deadlines for the completion of discovery and mediation (ECF No. 11). On June 6, 2017, counsel for Defendants filed a motion to withdraw, citing irreconcilable differences, which the court granted (ECF Nos. 12 & 13). The court gave Defendants thirty (30) days in which to retain substitute counsel. On July 6, 2017, Defendant Parker filed a *pro se* "Notice of No Property on Entry of Default" alleging that Pampered Pets had been administratively dissolved on September 25, 2015, and a "Notice of Filing of Financial Interest" informing the court of a pending divorce action in which she was a party (ECF Nos. 15 & 16). On July 11, 2017, the court issued an order noting that, because no appearance of new counsel had been filed, Defendant Parker was deemed to have elected to proceed *pro se* (ECF No. 17). Because Defendant Pampered Pets could not proceed without counsel (*see Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), *cert. denied*, 474 U.S. 1058 (1986)), the Clerk was directed to enter a default against Pampered Pets. This default was entered on July 12, 2017 (ECF No. 18).

On December 5, 2017, Plaintiff filed a motion for leave to amend the Complaint in order to add a claim for breach of contract (ECF Nos. 19 & 20). The court granted the motion, and the First Amended Complaint was filed and summonses were issued

against both Defendants (ECF Nos. 21 & 22). The record reflects proof of service on each Defendant on April 10, 2018, and also shows that neither Defendant has appeared nor answered in the suit since the filing of the First Amended Complaint (*see* ECF Nos. 24 & 25). A Clerk's default was entered against Defendants on July 12, 2017 (ECF No. 18).

As noted *supra*, now pending is Plaintiff's Motion For Entry of Default Final Judgment against Defendants on Count IV (Breach of Contract) of the First Amended Complaint, as well as Plaintiff's sworn Declaration of Indebtedness (ECF Nos. 29 & 29-1). Also pending is Plaintiff's Motion For Entitlement to and Award of Attorneys' Fees and Costs (ECF No. 30). No response to either motion has been filed. Having fully reviewed the matter, the court finds that the motion for default judgment is due to be granted, and the motion for attorney fees is due to be granted as well.

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk enters a default when a party against whom judgment is sought has failed to appear, plead, or otherwise defend. By its default, a defendant admits the well-pleaded facts of the complaint. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] However, default is not an absolute confession of the defendant's

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting the case law of the former Fifth Circuit developed before October 1, 1981, as precedent in this

Case No. 3:16cv653/MCR/EMT

liability and the plaintiff's right to recover. Instead, "[t]here must be a sufficient basis in the pleadings for a judgment." *Id.* A default does not admit facts that are not well-pleaded, nor does it admit conclusions of law. *See id.* Also, even if the facts of liability are well-pleaded and thus deemed admitted by virtue of the default, the court must still determine the amount and character of damages to be awarded. *See Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1988)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). A hearing on damages is not necessary and damages may be determined based on affidavits as long as sufficient evidence is submitted to support the request for damages. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 11 (2nd Cir. 1997); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters, and to assure that damages are not awarded solely as the result of an unrepresented defendant's failure to respond to a Request for Admission . . . [alleging] damages with no factual basis.").

---

Circuit).

To establish a breach of contract claim under Florida law, a plaintiff must plead: "(1) the existence of a contract; (2) the material breach of that contract; and (3) damages from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004) (citing *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 302 (Fla. 1st DCA 1999)). In Florida, "courts will recognize a contract so long as no essential terms remain open for consideration and negotiation." *W.R. Townsend*, 728 So. 2d at 301. The mere fact that the parties contemplate memorializing an agreement containing all essential terms in a formal document does not prevent their informal agreement from taking effect prior to that event. *Id*. at 302. An oral contract, such as the one in this case, is subject to the basic requirements of contract law, and "a party who asserts an oral contract must prove its existence by a preponderance of the evidence." *St. Joe Corp.*, 875 So. 2d at 381 (citing *Batista v. Walter & Bernstein, P.A.*, 378 So. 2d 1321, 1322 (Fla. 3d DCA 1980)).

To demonstrate a material breach, one party must prove that the other party "failed to perform a duty that goes to the essence of the contract and is of such

significance that it relieves the injured party from further performance of its contractual duties." *Burlington & Rockenbach, P.A. v. Law Offices of E. Clay Parker*, 160 So. 3d 955, 960 (Fla. 5th DCA 2015). However, "failure to perform some minor part of [Defendant's] contractual duty cannot be classified as a material or vital breach." *Beefy Trail, Inc. v. Beefy King Intern., Inc*., 267 So. 2d 853, 857 (Fla. 4th DCA 1972). "The issue of whether an alleged breach is vital or material is reviewed as a question of fact." *Covelli Family, L.P. v. ABG5, L.L.C.*, 977 So. 2d 749, 752 (Fla. 4th DCA 2008). As to any foreseeable damages resulting from a breach of contract, "the parties need not have contemplated the precise injuries which occurred so long as the actual consequences could have reasonably been expected to flow from the breach." *Natural Kitchen, Inc. v. American Transworld Corp*., 449 So. 2d 855 (Fla. 2d DCA 1984).

> All that is necessary, in order to charge the defendant with a particular loss, is that it is one that ordinarily follows the breach of such a contract in the usual course of events, or that reasonable men in the position of the parties would have foreseen as a probable result of breach. It is not necessary that the parties should have given the matter a moment's thought or should have expressed themselves on the subject.

*Id*. at 860 (quoting 5 A. Corbin, Corbin on Contracts § 1010, at 79 (1964)).

In this case Plaintiff has sufficiently alleged the existence of a contract between the parties. In the First Amended Complaint, Plaintiff alleges she was hired by

Defendants in 2009 and that her daily responsibilities included, but were not limited to, grooming dogs, cleaning work areas, assisting customers, making appointments, and performing various other tasks as assigned by Defendants (ECF No. 20 at 5). In exchange for performing these services, Defendants agreed to pay Plaintiff thirty-five percent (35%) of the fee paid by the customer (*id.*). Thus, the contract contained the essential elements of the scope of work and the compensation due for this work. This arrangement continued from 2009 until Plaintiff's last day of employment in May of 2016. Plaintiff alleges that Defendants materially breached the contract by failing to pay her in accordance with their agreement for at least the last two pay periods preceding her final day of employment. Plaintiff alleges that she suffered harm as a result of Defendants' breach in that she was not fully compensated for the work she performed. The First Amended Complaint alleges sufficient facts to establish a reasonable inference that Defendants' material breach of the contract resulted in damages to Plaintiff.

Defendants have not responded in opposition to the Motion for Entry of Default Final Judgment or contested Plainitff's sworn declaration. The well-pleaded allegations are sufficient to show that Defendants employed Plaintiff as a dog groomer from 2009 until her last day of employment on or about May 6, 2016. Plaintiff stated

Page 9 of 11

in her sworn Declaration of Indebtedness that during her time working for Defendants she was to be paid thirty-five percent (35%) of the fee earned on each dog she groomed. Plaintiff worked an average of fifty (50) hours per week and in the three-year period prior to filing the First Amended Complaint, her average weekly compensation was $700.00 to $800.00. Plaintiff earned $1,655.40 for her final full two weeks of compensation, of which Defendants paid her $300.00. Therefore, Defendants owe Plaintiff a total of $1,355.40. Having fully reviewed the record, and taking the allegations of the First Amended Complaint and Plaintiff's unopposed sworn declaration as true, the court finds that she is entitled to a final judgment of default in the amount of $1,355.40.

As for the motion for fees and costs, Florida law permits an award of reasonable attorney fees and costs to a prevailing plaintiff in an action for unpaid wages. *See* Fla. Stat. § 448.08; <u>Ruffa v. Saftpay, Inc.</u>, 163 So. 3d 711, 713-14 (Fla. 3d DCA 2015). To that end, Plaintiff provides her attorneys' affidavits to attest to the hours expended and rates charged (6.0 attorney hours billed at $350 per hour for the work of attorney Jeremiah J. Talbott, which equals **$2,100.00**; 4.9 attorney hours billed at $245 per hour for the work of attorney Travis P. Lampert, which equals **$1,200.50**, plus 0.4 hours billed at $100 per hour for the work of paralegal Catherine Freeman,

which equals **$40.00**), together with the itemized billing, plus the costs incurred (**$558.03**).

Plaintiff also provides the affidavit of another attorney, John C. Davis, Esq., to attest that the rate charged by Mr. Talbott is in line with the prevailing market rate for an attorney with his skill and experience and for the work performed. *See* N.D. Fla. Loc. R. 54.1(E). The court also considers the record in light of the factors set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), requiring, in part, that the court ensure that the fee is commensurate with the skill and experience of the lawyers, and excluding hours that are excessive, redundant, overstaffed or otherwise unnecessary. *See Hensley*, 461 U.S. at 434.

Upon conducting its required review, the court finds that Plaintiff is entitled to fees and costs in the amounts requested.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's Motion for Entry of Default Final Judgment (ECF No. 29) be **GRANTED**.

2. That Plaintiff's Motion for Entitlement to and Award of Attorneys' Fees and Costs (ECF No. 30) be **GRANTED**.

3.	That the Clerk be directed to enter a default final judgment in favor of Plaintiff and against Defendants Pampered Pets, LLC, and Kacey Parker in the amount of **$1,355.40**, plus an award of reasonable attorney's fees and costs in Plaintiff's favor in the amount of **$3,858.53** (representing $3,300.50 in attorney fees and $558.03 in costs), and close the file.

At Pensacola, Florida, this 20th day of February 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**